Micha Star Liberty (SBN 215687)
Liberty Law Office
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Facsimile: (415) 896-2249
micha@libertylaw.com

Attorney for Bai Lin Zhou

FILED

OCT - 5 2009

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORINA

DIVISION 4, OAKLAND

In re:

Harjinder Singh and Preet Kiran Kaur Johal

Debtors.

Case No. 09-45394

Chapter 7

Adversary Proceeding No.: 09-4412

Bai Lin Zhou, an individual,

    Plaintiff,

vs.

Harjinder Singh and Preet Kiran Kaur Johal

    Defendants.

**CREDITOR'S AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM**

COMES NOW, Plaintiff Bai Lin Zhou, Creditor of the above-referenced Debtors Harjinder Singh and Preet Johal, and alleges as follows:

**JURISTICTION**

1.    Jurisdiction over this action exists pursuant to 28 U.S.C. section 157 and 28 U.S.C. section 1334 and venue is proper pursuant to 28 U.S.C. section 1409.

Liberty Law Office
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Facsimile: (415) 896-2249

Case: 09-04412   Doc# 2   Filed: 10/05/09   Entered: 10/06/09 16:05:13   Page 1 of 8

CREDITOR'S AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM     Page 1

2. This adversary proceeding is a core matter pursuant to 28 U.S.C. section 157.

**PRELIMINARY ALLEGATIONS**

3. This case commenced by Debtors filing for relief under Chapter 7 under Title 11 of the United States Code on June 18, 2009.

4. Plaintiff is a Creditor in the above-entitled Chapter 7 Debtors.

5. The Debtors, Harjinder Singh and Preet Johal, are individuals who are residents of the State of California at 469 Riviera Drive, Union City, California, 94587. Union City, California is located in Alameda County, California. Alameda County is within the Oakland Division of the Northern District of California.

**GENERAL FACTUAL ALLEGATIONS**

6. Plaintiff Bai Lin Zhou is a 43-year-old male resident of Alameda County, California, who worked as a mechanic for Debtors and business entities owned by them from approximately January 17, 2005 through January 20, 2006. Plaintiff's duties throughout this employment qualified him as eligible for overtime (i.e., nonexempt) and meal and rest breaks under applicable California State laws.

7. When he was hired, Plaintiff was told by Debtors that he was an hourly employee at $25.00 per hour. Several weeks after being hired, Debtors informed Plaintiff that he was to be paid a flat rate of $1,200.00 per week, but that Debtors would be required to withhold $200.00 per week from his paycheck in order to satisfy State and Federal income tax withholdings. Plaintiff understood this to mean that the weekly amount of $200.00 would be withheld to cover his share (as opposed to the employer's share) of taxes he would owe to the State and Federal governments for his earnings as an employee.

Liberty Law Office
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-0000
Facsimile: (415) 896-2249

CREDITOR'S AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM        Page 2

8. On information and belief, Debtors' representation that $200.00 was being withheld to pay taxes was false. Debtors failed to disclose to Plaintiff that no taxes were actually being paid to any governmental entity for Plaintiff's work.

9. On information and belief, Debtors represented to Plaintiff that he was not entitled to overtime pay, which was false. Debtors also required Plaintiff to work six days per week.

10. On information and belief, Debtors represented to Plaintiff that he was not to take meal or rest breaks because of the amount of work that needed to be done.

11. For approximately the next year, Plaintiff was paid $1,000.00 per week, regardless of the amount of hours worked. On a regular basis he worked more than eight hours in one day, and rarely was able to take full meal and rest breaks. All the while he utilized and presented to Debtors a timecard showing the hours he worked.

12. In December 2005, Plaintiff requested his W-2 statement for tax filing purposes. Debtors refused to provide the W-2, claiming that Plaintiff was an Independent Contractor. Plaintiff denied that he was an Independent Contractor. Plaintiff requested his W-2 statement several more times; however, it was never furnished by Debtors.

13. On or about January 10, 2006, Debtors provided Plaintiff with an Independent Contractor agreement dated January 10, 2005 (i.e., backdated by one year), which inaccurately reported his salary as $1,796.15 per week, rather than $1,000.00.

14. Plaintiff was concerned about the misrepresentative nature of the proposed agreement, including the falsified date, the falsified salary information, and the falsified employment status information, as well as the consequences for his own

Liberty Law Office
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Facsimile: (415) 896-2249

CREDITOR'S AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM                    Page 3

personal income tax payments. This document would have exposed Plaintiff to several hundreds of dollars per month of back owed taxes for the term of his employment. Therefore, Plaintiff informed Debtors that he was uncomfortable signing the document.

15. Also, on or about January 2006, Plaintiff was presented a Limited Partnership Agreement and pressured to sign it, so that Plaintiff would be responsible for his own income tax liability and would not be owed overtime, or meal and rest break back pay. Plaintiff declined.

16. Debtors again provided an Independent Contractor Agreement in January 2006, and instructed Plaintiff to sign the document or be terminated.

17. When Plaintiff refused to sign the fraudulent, back-dated agreement, he was terminated.

18. Plaintiff timely filed a claim with the Employment Development Department for unemployment insurance payments, which, on information and belief, were awarded based on an hourly rate of $25.00. Plaintiff also timely filed a claim for unpaid wages with the Department of Labor Standards Enforcement, which was voluntarily dismissed by Plaintiff to pursue private litigation.

19. Plaintiff had to later pay back-owed taxes not paid by Debtors, leaving him with much less money per hour than he was informed he was being paid for his work.

20. On or about October 2006, Plaintiff made a written demand for wages earned and unpaid, as well as monetary damages for his termination in violation of public policy, but Debtors failed to and refused to pay the same.

Liberty Law Office
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Facsimile: (415) 896-2249

Case: 09-04412    Doc# 2    Filed: 10/05/09    Entered: 10/06/09 16:05:13    Page 4 of 8

CREDITOR'S AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM    Page 4

21. Due to the failure and refusal of Debtors to pay Plaintiff the amount due him, he was forced to hire counsel and to file suit in State Court against Debtors on or about December 2006 to recover the monies due. The State Court complaint contains allegations of California Labor Code violations, wrongful termination, unfair business practices, and conversion.

22. Plaintiff has been forced to zealously litigate his State Court case over the past approximately three years and has incurred reasonable attorneys' fees and costs in connection with the attempt to collect the wages, penalties, interest, and monies alleged to be owed from Debtors.

23. Debtors hired and released four different sets of counsel in a mere two and one-half year period, and were representing themselves, *pro se*, at the time they filed bankruptcy on June 18, 2009.

## FIRST CLAIM FOR RELIEF
## WILLFUL OR MALICIOUS INJURY TO THE CLAIMANT'S PROPERTY
## 11 U.S.C. SECTION 523(a)(6)

24. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if they were set forth again herein.

25. At the time Debtors refused to pay the wages due to Plaintiff, Plaintiff had earned, owned and had the right to possess the unpaid wages by regularly working overtime and by being prevented from taking meal and rest breaks.

26. Debtors willfully and without legal justification interfered with Plaintiff's right to own and possess his wages by failing to and refusing to pay Plaintiff.

27. The exact amount of those wages is capable of calculation from information from Plaintiff or from Debtors' records.

Liberty Law Office
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Facsimile: (415) 896-2249

28. In refusing to pay wages that were earned to the Plaintiff, Debtors unlawfully and intentionally took and converted the labor and property of Plaintiff to his own use, in violation of California Civil Code section 3294. At the time the conversion took place, Plaintiff was entitled to immediate possession of the amounts of wages payable. This conversion was oppressive, malicious, fraudulent, and concealed by the Debtors from Plaintiff.

29. Plaintiff has been injured by this willful and malicious conversion of Plaintiff's property and is entitled to all monies converted by the Debtors with interest thereon.

## SECOND CLAIM FOR RELIEF
## FRAUD
## 11 U.S.C. SECTION 523(a)(2)(A)

30. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if they were set forth again herein.

31. Debtors represented to Plaintiff that he was an hourly employee at $25.00 per hour. Then, shortly thereafter, Debtors represented to Plaintiff that he would be paid a flat rate of $1,200.00 per week. Plaintiff believed he would continue to be an employee.

32. Debtors informed Plaintiff that Debtors would be withholding $200.00 per week to pay employment taxes; thus, Plaintiff would earn $1,000.00 per week.

33. Debtors informed Plaintiff that Plaintiff could not earn any overtime pay but that he was to work six days per week. Debtors also informed Plaintiff that Plaintiff was not entitled to take meal or rest breaks.

34. These representations made by Debtors were false and unlawful.

Liberty Law Office
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Facsimile: (415) 896-2249

CREDITOR'S AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM        Page 6

35. Plaintiff, however, believed and relied on the representations made by Debtors and did not hold any monies back to pay employment taxes, did not get paid for overtime hours worked, and did not take meal or rest breaks as he was lawfully entitled to do.

36. In lieu of complying with the wage and hour laws of the State of California, Debtors made false representations and employed Plaintiff under false pretenses, which proximately caused damage to Plaintiff in that Plaintiff had to retrospectively pay taxes on a wage that he reasonably believed was his gross wage. Plaintiff was also damaged because he regularly worked more than eight hours in a day and more than 5 days per week, but was not paid for this overtime. Further, Plaintiff was not allowed to take full meal or rest breaks as he should have been entitled to do, and was also not paid for an hours worth of wages for each missed break.

37. Thus, Debtors' debt to Plaintiff is a debt for money obtained by false pretenses, a false representation, and/or actual fraud.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment as follows:

1. For a judgment that Debtors are indebted to Plaintiff in the amount approximately $150,000.00 plus interest at the rate of 10% per annum, according to proof;

2. For a determination and judgment that said indebtedness of Debtors to Plaintiff is not dischargeable under Bankruptcy Code Section 523(a)(2), 523(a)(6), or both;

3. For costs of suit incurred herein; and

Liberty Law Office
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-0000
Facsimile: (415) 896-2249

4. Such other and further relief as the Court deems just and proper.

DATED: October 1, 2009

Micha Star Liberty
LIBERTY LAW OFFICE
Attorney for Bai Lin Zhou

Liberty Law Office
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Facsimile: (415) 896-2249

CREDITOR'S AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIM        Page 8